UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FLOATIN' AWEIGH EXCEL, LLC, and ) <br> THOMAS M. DOGAN, ) <br>     Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> GEICO MARINE INSURANCE COMPANY ) <br> and BAY MARINE OF CHICAGO, LLC, ) <br>     Defendants. ) | CAUSE NO.: 2:24-CV-74-JVB-APR |

**OPINION AND ORDER**

This matter is before the Court on Defendant, Bay Marine of Chicago, LLC's Motion to Dismiss Plaintiffs' Claims Against Bay Marine of Chicago, LLC or in the Alternative to Transfer Venue or in the Alternative to Dismiss Plaintiffs' Fraud Claims Against Bay Marine of Chicago, LLC [DE 7] filed on March 5, 2024. Plaintiffs Floatin' Aweigh Excel, LLC, and Thomas M. Dogan (collectively, "Floatin' Aweigh") responded on April 9, 2024, and Defendant Bay Marine of Chicago, LLC, ("Bay Marine") replied on April 23, 2024.

**PROCEDURAL BACKGROUND**

This case is pending on a complaint that was filed in state court on January 31, 2024, and removed to federal court on February 27, 2024. Floatin' Aweigh alleges that Floatin' Aweigh Excel, LLC, whose sole member and owner is Dogan, owns a 76' Lazarra Marine 2000 cruiser yacht (the "*Zen*") that, on or about February 2, 2022, sustained damages due to a fire that occurred during storage. Floatin' Aweigh alleges that the damage was insured against by a policy issued by Defendant GEICO Marine Insurance Company ("GEICO") and that GEICO has failed to pay for the losses to the *Zen*. Floatin' Aweigh further alleges that subsequent damages were inflicted on the *Zen* by Bay Marine, the storage marina. Floatin' Aweigh brings breach of contract and breach

of covenant of good faith claims against GEICO and breach of contract, negligence, and fraud claims against Bay Marine.

Bay Marine contends that the dispute between it and Floatin' Aweigh is subject to a valid forum selection clause that designates state or federal court in the city of Green Bay, Wisconsin (Brown County) as the forum in which legal action must be brought. Bay Marine also contends that Floatin' Aweigh has failed to state a fraud claim upon which relief can be granted.

## LEGAL STANDARDS

### A. *Forum Non Conveniens*

The federal district courts have the authority, under the common law doctrine of *forum non conveniens*, to dismiss a case over which it has jurisdiction to an alternative forum that is both "available" and "adequate." *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). For cases considering transfer from one federal district court to another, the doctrine was codified at 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).

A motion under § 1404(a) is the proper way to enforce a forum selection clause from one district court to another, and forum selection clauses should be "given controlling weight in all but the most exceptional cases." *Id.* at 60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

### B. Failure to State a Claim

The purpose of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910

2

F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

Federal Rule of Civil Procedure 9(b) requires allegations of fraud to be pled with particularity. This requirement has, at times, been described as "the who, what, when, where, and how" of the alleged fraud, *U.S. ex rel. Gross v. AIDS Research All.-Chicago*, 415 F.3d 601, 605 (7th Cir. 2005), but the Seventh Circuit Court of Appeals has clarified that courts should not take "an overly rigid view" of this requirement. *U.S. ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016). The requirement is that plaintiffs make sufficient allegations to both state the allegations of fraud precisely and provide "some measure of substantiation" to the allegations. *Id.* (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 9.03[1][b], at 9-22 (3d ed. 2015)). The allegations necessary to state a claim of fraud with particularity will vary based on the facts of the case. *Id.*

## ANALYSIS

### A. *Forum Non Conveniens*

Bay Marine contends that the parties' contract includes a forum selection clause, and all of Bay Marine's arguments for transfer or dismissal under the *forum non conveniens* doctrine rely on the existence of the parties' agreement to the forum selection clause. Floatin' Aweigh denies that it agreed to the forum selection clause, insisting that it never received the page with the forum selection clause and that there was no "meeting of the minds" regarding forum selection.

The parties agree that the contract attached as Exhibit C to the Complaint is the parties' Rental Agreement at issue. Bay Marine asserts that the Boat Space Rental Agreement Terms and Conditions (attached to Bay Marine's motion) apply to the contract. Bay Marine notes that the Rental Agreement states, in part, "TENANT CERTIFIES THAT THE PRINTED MATTER ON BOTH FRONT AND BACK OF THIS AGREEMENT HAS BEEN READ AND THE TERMS AND CONDITIONS SET FORTH HEREIN ARE FULLY UNDERSTOOD."

Paragraph 15 of the Terms and Conditions includes a forum selection clause, which provides:

> Any legal suit, action or proceeding arising out of or related to this Agreement or the matters contemplated hereunder shall be instituted exclusively in the federal courts of the United States or the courts of the State of Wisconsin in each case located in the City of Green Bay and County of Brown, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding and waives any objection based on improper venue or forum non convenient.

(Felhofer Aff. Ex. 1, ECF No. 8-1 at 3). On the basis of this clause, Bay Marine argues that dismissal or transfer under *forum non conveniens* is proper.

Floatin' Aweigh, through Dogan's affidavit, counters that Bay Marine's email in response to Floatin' Aweigh's inquiry regarding winter storage included five attachments in .pdf format, none of which included the Terms and Conditions. (Dogan Aff. ¶¶ 14, 16, ECF No. 21-1). Dogan

4

further avers that the Rental Agreement was only a one-page document. *Id.* ¶ 14. Floatin' Aweigh insists that the Terms and Conditions were not presented to it at any time during contract formation and there was thus no mutual assent to the Terms and Conditions. Accordingly, in Floatin' Aweigh's view, the Terms and Conditions are not a part of the contract between Floatin' Aweigh and Bay Marine. Bay marine has not contested Floatin' Aweigh's assertion that it never received the Terms and Conditions page.

### 1. Choice of Law

Thus, the Court must resolve whether the Terms and Conditions were a term of the contract made between Bay Marine and Floatin' Aweigh. Floatin' Aweigh contends that Indiana state law of contract formation applies. Bay Marine contends that maritime law applies and also cites cases applying the law of Illinois and Wisconsin.

When removing this case to federal court, Bay Marine asserted that the Court has jurisdiction over this lawsuit under both diversity and admiralty jurisdiction. The contract at issue, which relates to the storage and winterization of the *Zen*, is a maritime contract. *Medema v. Gombo's Marina Corp.*, 97 F.R.D. 14, 16 (N.D. Ill. 1982); *Matter of Major Glen Corp.*, No. 22-CV-5852, 2024 WL 3650186, at *11 (N.D. Ill. Aug. 5, 2024). Federal law determines the interpretation of maritime contracts unless the contract dispute is "inherently local." *Norfolk S. Ry. C. v. Kirby*, 543 U.S. 14, 23 (2004).

A contract dispute is "inherently local" where it "so implicate[s] local interests as to beckon interpretation by state law." *Id.* at 27. Still, local interests will not be accommodated if their accommodation will defeat federal interests. *Id.* There is a "uniformity of general maritime law" that serves the purpose of ensuring that a maritime contract will "be judged by one law wherever it was made." *Id.* (quoting *Kossick v. United Fruit Co.*, 365 U.S. 731, 741 (1961)).

No party argues that the contract is inherently local. Indeed, Bay Marine has already noted, by alleging diversity jurisdiction, that Plaintiffs and Defendants are not citizens of a common state. The Court finds that the contract is not inherently local and that federal common law applies.

2.     Terms and Conditions of the Contract

The federal common law of contracts, generally speaking, is that which is found in the Restatement (Second) of Contracts. *See CNA Reinsurance Co. v. Trustmark Ins.*, No. 01 C 1652, 2001 WL 648948, at *6 (N.D. Ill. June 5, 2001) (citing *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 591 (7th Cir.2001); *In re Aircrash Disaster*, 948 F. Supp. 747, 752-54 (N.D. Ill.1996)). The Restatement's general rule is that "the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Restatement (Second) of Contracts § 17 (Am. Law Inst. 1981). Further, "[i]n choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds." *Id.* § 206.

The Bay Marine contract provided: "TENANT CERTIFIES THAT THE PRINTED MATTER ON BOTH FRONT AND BACK OF THIS AGREEMENT HAS BEEN READ AND THE TERMS AND CONDITIONS SET FORTH HEREIN ARE FULLY UNDERSTOOD." As Floatin' Aweigh has shown, without contrary argument by Bay Marine, the .pdf attachment of this document was only one page, though other documents (none of which were the "Terms and Conditions" page containing the forum selection clause) were included as attachments to the same email message that included the contract. Had the "Terms and Conditions" been included on a second page of the contract or as a separate attachment to the same email or had the above-quoted clause been written in sentence case with a reference to "Terms and Conditions" (rather than "terms

and conditions"), then the Court would be more inclined to find that Floatin' Aweigh was on notice that there were additional matters to which it was consenting than only those that were on the printed pages provided. Instead, the "TERMS AND CONDITIONS" were noted to be "SET FORTH HEREIN," so there is no reason for a contracting party to assume the existence of a separate "Terms and Conditions" document or to inquire about terms or conditions not included in the information provided by Bay Marine, especially where the documents provided include contractual terms and conditions, such as prices and schedules for hauling out and launching vessels.[1]

Bay Marine urges the Court to follow *Gonzalez v. Pioneer Indus. Sys., LLC*, No. 15-CV-11583, 2017 WL 1283465 (N.D. Ill. Apr. 6, 2017) (order on motion for reconsideration). In that case, which applies Illinois law, a reference in the contract to additional conditions placed the burden on the signatory to inquire about those additional terms and conditions. *Id.* at *2. Specifically, the contract at issue provided that it was "subject to the current terms and conditions issued by Midwest Manufacturing . . . If vendor is unsure of Midwest Manufacturing's current terms and conditions, contact Midwest Manufacturing's general office for a copy." *Gonzalez v. Pioneer Indus. Sys., LLC*, No. 15-CV-11583, 2016 WL 7031900, at *2 (N.D. Ill. Dec. 1, 2016) (order on motion to dismiss). The notice to the contracting party in *Gonzalez* is much greater and more explicit than the notice in the instant case. *Gonzalez*, therefore, is not helpful.

This case is also unlike *Bakery Bling v. Matrix Packaging Mach., LLC*, No. 21-CV-1399, 2022 WL 17251983 (E.D. Wis. Nov. 28, 2022), the other case Bay Marine cites. In *Bakery Bling*, a case applying Wisconsin law, the contract proposal stated in bold typeface that all orders "are

---

[1] The Court also notes that, even if Bay Marine's meaning could be considered reasonable, its chosen meaning is not preferable to the reasonable meaning that the Court adopts because Bay Marine is the drafter of the document. Restatement (Second) of Contracts § 206 (Am. Law Inst. 1981).

7

subject to the Terms and Conditions of Sale found on our website." *Id.* at *8. The present case is easily distinguishable from *Bakery Bling* because Floatin' Aweigh was not directed elsewhere. Instead, it was specifically told that the applicable "TERMS AND CONDITIONS" were "SET FORTH HEREIN."

Simply put, the offer made by Bay Marine did not include the "Terms and Conditions" document, and Floatin' Aweigh's acceptance of the offer likewise did not include that document. As there was no mutual assent to the "Terms and Conditions," they are not a part of the parties' contract. Therefore, Floatin' Aweigh is not bound by the "Terms and Conditions," so there is no forum selection clause in effect. Because all of Bay Marine's arguments for *forum non conveniens* dismissal or transfer rely on a forum selection clause, the request for dismissal or transfer under that doctrine is denied.

### B. Failure to State a Claim

Bay Marine contends that Floatin Aweigh's fraud claim should be dismissed, arguing that Floatin' Aweigh has failed to meet Rule 9(b)'s heightened pleading requirement for allegations of fraud. Bay Marine contends that the only allegation about fraud is Paragraph 51 of Floatin' Aweigh's complaint: "Defendant, Bay Marine of Chicago, LLC, changed their restrictions regarding access to the marina such that Plaintiffs were unable to properly inspect the vessel and as a result, the damages to the vessel were not discoverable by Plaintiffs until a later date." (Compl. ¶ 51, ECF No. 3).

Bay Marine argues that Rule 9(b) requires Floatin' Aweigh to (1) identify the specific representative of Bay Marine that informed Floatin' Aweigh had performed the contracted services in a workmanlike manner, (2) allege when the misrepresentation occurred, and (3) describe the method of communication of the misrepresentation.

Floatin' Aweigh counters, noting the details that it did allege: (1) Bay Marine agreed to perform "winterization services and appurtenant services" in a workmanlike manner, (2) Bay Marine knowingly represented falsely that those services had been completed while also knowing that Bay Marine did not intend to and did not have the available resources to perform the contracted services, (3) in May 2022, Bay Marine represented to Floatin' Aweigh that the *Zen* was seaworthy when it was not and had been partially sunk, (4) Bay Marine attempted to hide its improper winterization and failure to shrink-wrap the *Zen* as contracted by repairing frozen systems, plumbing, and components, and (5) Bay Marine's changes to marina access delayed Floatin' Aweigh's discovery of the damages to the *Zen*. (Compl. ¶¶ 33, 36, 40-42, 51, ECF No. 3).

Rule 9 requires sufficient allegations to both state the allegations of fraud precisely and provide "some measure of substantiation" to the allegations. The allegations of fraud are sufficient: Bay Marine agreed to perform winterization and appurtenant services knowing that it would not and could not perform them. The measure of substantiation comes in the form of the allegations of the effort Bay Marine made to conceal that the work had not been performed—making repairs to the *Zen* as needed following the improper winterization and making Floatin' Aweigh's access to the *Zen* more restrictive.

This is not a case alleging a broad scheme of fraudulent activity, nor one involving a potential myriad of actors spread across a wide geographical area. The allegations necessary to plead fraud with particularity are case-specific. Here, the allegations are enough. The Court will not dismiss the fraud claim under Rule 9(b).

## CONCLUSION

Based on the above, the Court hereby **DENIES** Defendant, Bay Marine of Chicago, LLC's Motion to Dismiss Plaintiffs' Claims Against Bay Marine of Chicago, LLC or in the Alternative to

9

Transfer Venue or in the Alternative to Dismiss Plaintiffs' Fraud Claims Against Bay Marine of Chicago, LLC [DE 7].

SO ORDERED on October 21, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT